# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO JUNIOR VALLES, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ) <br> THE PEOPLE OF THE STATE OF ) <br> CALIFORNIA, ) <br> ) <br> Respondent. ) <br> ) | 1:09-CV-01478 SMS HC <br><br> ORDER DISMISSING PETITION <br><br> ORDER DIRECTING CLERK OF COURT <br> TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner is a prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 21, 2009, Petitioner filed the instant petition in this Court. On August 25, 2009, the Court issued new case documents which included an order directing Petitioner to file a consent/decline form. On September 10, 2009, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable. The Court issued a second order on September 22, 2009, which authorized Petitioner to proceed in forma pauperis. That order was also returned by the U.S. Postal Service with a notation, "Not in Custody."

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a Petitioner in propria persona by the Clerk is returned by the U.S. Postal Service, and if such Petitioner fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, sixty days have passed since Petitioner's mail was returned and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal as this case has been pending since August 21, 2009. The court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the court of his address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the court's inability to communicate with Petitioner based on Petitioner's failure to keep the court apprised of his current address, no lesser sanction is feasible.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition is DISMISSED for Petitioner's failure to prosecute; and

2) The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

**Dated:   November 24, 2009**          /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE